# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KA-00885-SCT

*SILENTRO MILLER a/k/a SELENTRO MILLER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/26/2007 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MISSISSIPPI OFFICE OF INDIGENT APPEALS BY: LESLIE S. LEE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/17/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. Selentro Miller was indicted, tried and found guilty by a Winston County Circuit Court jury for the crime of sale of cocaine. After the jury verdict, the trial judge sentenced Miller to serve twenty years in the custody of the Mississippi Department of Corrections. After his post-trial motions were denied by the trial judge, Miller appealed to us. Finding no error, we affirm the Winston County Circuit Court's judgment of conviction and sentence.

**FACTS AND PROCEEDINGS IN THE TRIAL COURT**

¶2.     On March 28, 2006, Selentro Miller was indicted by a duly-empaneled Winston County grand jury for selling a quantity of cocaine, a Schedule II controlled substance, in violation of Mississippi Code Annotated Sections 41-29-139(a)(1) and 41-29-139(b)(1) (Rev. 2005).

¶3.     The trial of this case commenced on April 26, 2007, in the Circuit Court of Winston County, Judge Joseph H. Loper, Jr. presiding.  Miller did not present any evidence at trial; therefore, we set out here the relevant facts based on the testimony presented during the state's case-in-chief through Wes Stapp, an agent with the Mississippi Bureau of Narcotics (MBN); Jamie Johnson, a forensic scientist with the Mississippi Crime Laboratory (MCL); Bobby Wayne Goodin, a confidential informant working undercover with the MBN; and Gerald Hayes, an investigator with the City of Louisville Police Department.

¶4.     Bobby Wayne Goodin grew up in Winston County; however, by the time of the trial, Goodin was a resident of Florida.  Goodin, a former drug addict, had been a MBN informant for about ten years.  Goodin had a criminal history involving drugs and embezzlement.  On May 23, 2005, Goodin, Stapp, and Barry McWhirter, another MBN agent, were present at a pre-buy meeting.  Goodin's person and vehicle were searched for contraband, and no contraband was found.  Goodin was wired with audio and video equipment and given $40 of official state funds to make a "controlled buy" from Chris Miller.  The video which was received into evidence reveals that Goodin took approximately nine minutes to travel in his

2

vehicle from the pre-buy meeting location to Miller Avenue in Louisville. Stapp and McWhirter provided surveillance and security.

¶5.     Upon pulling up to a mobile home on Miller Avenue, Goodin exited his vehicle, walked to the home, asked the unidentified man who answered the door for Chris Miller, and was told that Chris was in bed and that he (the unidentified man) "was the only one doing anything at the time." The drug exchange quickly took place with the unidentified man putting the crack cocaine on a coffee table and Goodin giving $40 to this man. Since the unidentified man had only $30 worth of cocaine, he gave Goodin $10 in change by way of a $5 bill and five $1 bills. According to the timer on the video made with the hidden camera on Goodin's person, from the time Goodin exited his vehicle at the mobile home until he returned to his vehicle after the drug purchase, a little more than one minute elapsed. Goodin left the scene and went to a predetermined location for a post-buy meeting with Stapp and McWhirter. At that time, Goodin delivered the cocaine and $10 to Stapp, and Goodin was "unwired." Likewise, both Goodin and his vehicle were again searched. Goodin was paid the sum of $100 for his services in the controlled purchase.

¶6.     In addition to the testimony of Stapp and Goodin, the jury also received testimony from MCL forensic scientist Jamie Johnson. The chain of custody of the substance purchased by Goodin was not challenged. Johnson identified the substance as 0.17 grams of crack cocaine, a Schedule II controlled substance. City of Louisville Police Investigator Gerald Hayes identified the man shown with Goodin on the video as the defendant, Selentro Miller, and Investigator Hayes (who knew Selentro Miller since Miller was a DARE student

3

in the fifth grade) also made a courtroom identification of the defendant. The jury took only thirty-three minutes of deliberation to find Miller guilty of the sale of cocaine.

¶7.    Immediately after the jury was discharged, the trial judge sentenced Miller to a term of twenty years in the custody of the Mississippi Department of Corrections, assessed a fine of $5,000 and court costs, and suspended Miller's driver's license.  Miller timely filed a motion for judgment notwithstanding the verdict, or alternatively, for a new trial, which motion was denied by the trial judge by order entered on May 22, 2007.  From this order denying his post-trial motion, Miller appeals to us.

## DISCUSSION

¶8.    Miller presents but one issue for this Court to decide. We restate the issue for the sake of discussion.

### WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

¶9.    Although Miller's post-trial motion filed with the trial court challenged both the legal sufficiency and the weight of the evidence, Miller on appeal challenges only the weight of the evidence.  There is an obvious difference between the sufficiency of the evidence and the weight of the evidence, as discussed in **Bush v. State**, 895 So. 2d 836, 842-43 (Miss. 2005). If the evidence is of such quality and weight that, in considering the beyond-a-reasonable-doubt burden of proof standard which must be applied in criminal cases, reasonable and fairminded jurors in the exercise of fair and impartial judgment could have reached different conclusions as to each element of the offense charged, the evidence is deemed to be legally

4

sufficient to sustain a conviction. *Id.* at 843. On the other hand, when this Court is reviewing a trial court' s denial of a defendant's motion for a new trial challenging the weight of the evidence undergirding the guilty verdict, we will not disturb the jury verdict of guilty unless we can say from the record before us that the verdict "is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Id.* at 844 (citing *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997)).

¶10.    "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." *Boone v. State*, 973 So. 2d 237, 243 (Miss. 2008) (quoting *Herring*, 691 So. 2d at 957).

¶11.    Miller argues that Goodin's testimony is not reliable, because it conflicted with Agent Stapp's testimony.  Also, Miller argues that this conflicting testimony shows that Goodin was not thoroughly searched, meaning Goodin *could have had* drugs in his truck or on his person. Agent Stapp testified that it took a total of six to eight minutes to search Goodin and his vehicle, and that he did not search Goodin's socks or shoes.  Goodin testified that the agents took twenty-five- to-thirty minutes to search him and his vehicle, and that the agents searched his socks and shoes.  This is simply an inconsistency in the testimony of two witnesses who testified for the state, and thus a matter for jury determination as to credibility. *Harris v. State*, 970 So. 2d 151, 157 (Miss. 2007) (citing *Gathright v. State*, 380 So. 2d 1276, 1278 (Miss. 1980)).

5

¶12. Next, Miller argues that the hands of Goodin and Miller were not visible in the video and that the video did not show Miller giving drugs or change to Goodin. Miller thus asserts that someone else present at the scene *could have* sold Goodin the drugs. This argument likewise was made by Miller's trial counsel during closing arguments to the jury. The trial judge properly instructed the jury concerning the jury's responsibilities in determining its verdict. Judge Loper, *inter alia*, instructed the jury that the jury must "determine the facts in this case and to consider and weigh the evidence for that purpose." Judge Loper likewise informed the jury that the jurors were to determine what weight and credibility they chose to assign the testimony and supporting evidence of each witness, and that the jury was required to exercise "good common sense and sound honest judgment in considering and weighing the testimony of each witness who has testified in this case." Finally, the jurors were instructed that they were, likewise, "permitted to draw such reasonable inferences from the evidence as seem justified in the light of your own experience." Thus, the jury reasonably could conclude from the totality of the credible evidence that since Goodin entered the trailer with $40, and exited the trailer with crack cocaine and $10 in change, it was crack cocaine that Miller placed on the coffee table. Such determination is left to the discretion of the jury. ***Boone***, 973 So. 2d at 243 (citing ***Givens v. State***, 967 So. 2d 1, 7 (Miss. 2007)).

¶13. Miller further argues that Goodin's testimony was not credible because of his prior criminal history. However, Miller cites no authority to support his assertion; therefore this Court need not consider this proposition. ***Byrom v. State***, 863 So. 2d 836, 853 (Miss. 2003)

6

(citing **Simmons v. State**, 805 So. 2d 452, 487 (Miss. 2001)). Notwithstanding this bar, the jury, being the sole judge of Goodin's credibility, was informed of Goodin's criminal history and thus had an opportunity to consider Goodin's criminal history in weighing what credibility to assign to Goodin's testimony. **Harris**, 970 So. 2d at 157.

¶14.    Finally, Miller argues that "[t]o affirm this case, and sentence this first-time offender to twenty years based solely on the testimony of an incredible, paid informant, would certainly sanction an unconscionable injustice."  We do not interpret this assertion to be a proportionality argument concerning the length of Miller's sentence imposed by the trial judge, but instead, we interpret this argument to be that since, in Miller's opinion, Goodin was not a credible witness, the jury's guilty verdict was against the overwhelming weight of the evidence, thus causing the resulting lengthy penitentiary sentence imposed by the trial judge to have the effect of being an unconscionable injustice.  However, the length of a post-verdict penitentiary sentence imposed by a trial judge in any case is totally irrelevant to the issue of whether the jury verdict is against the overwhelming weight of the evidence on the issue of guilt.

¶15.    On the other hand, even assuming *arguendo* that Miller questions the length of his penitentiary sentence because he was a first offender, any perceived proportionality argument is not properly before us inasmuch as Miller did not present this issue before the trial court via his post-trial motion, nor did the trial court address such an issue in its order denying Miller's motion for judgment notwithstanding the verdict, or alternatively, for a new trial. We thus will not consider the question of the length of the penitentiary sentence for the first

7

time on appeal, since this is an issue which the trial court had no opportunity to consider via a post-trial motion. *Anglin v. Gulf Guar. Life Ins. Co.*, 956 So. 2d 853, 864 (Miss. 2007) (citing *Alexander v. Daniel*, 904 So. 2d 172, 183 (Miss. 2005)). Additionally, the twenty-year sentence imposed upon Miller was within the statutory maximum of thirty years provided for the crime of sale of cocaine. Miss. Code Ann. § 41-29-139(b)(1) (Rev. 2005). Since we traditionally have not disturbed on appeal a sentence which does not exceed the maximum period as allowed by the applicable statute, we will not do so today. *Williams v. State*, 794 So. 2d 181, 188 (Miss. 2001) (citing *White v. State*, 742 So. 2d 1126, 1135 (Miss. 1999)). Again, there is no Eighth Amendment argument before us that Miller's twenty-year sentence is grossly disproportionate to the crime committed. *Williams*, 794 So. 2d at 188 (discussing *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). *See* U.S. Const. amend. VIII.

¶16.    In sum, consistent with our discussion, we are without question unable to find from the record before us that the jury verdict finding Miller guilty of the sale of cocaine is contrary to the overwhelming weight of the evidence to the extent that we are sanctioning an unconscionable injustice by not setting aside the jury verdict. We thus find this issue to have no merit.

## CONCLUSION

¶17.    For the foregoing reasons, the Winston County Circuit Court's judgment of conviction entered against Selentro Miller consistent with the jury verdict finding Selentro Miller guilty

8

of the crime of sale of cocaine, and the resulting twenty-year penitentiary sentence imposed

upon Miller, are affirmed.

¶18. **CONVICTION OF SALE, TRANSFER, DELIVERY OR DISTRIBUTION OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CONDITIONS, AFFIRMED. APPELLANT IS TO PAY ALL COURT COSTS AND ASSESSMENTS AND A FINE IN THE AMOUNT OF $5,000. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**